*439
 
 RusfiN, J.
 

 The decision in the Superior Court would formerly have been right;
 
 Pannell v.
 
 Hampton, 10 Ire. Rep. 468. But this action was brought in June, 1857, and the Act of 1854, Rev. Code, ch. 98, sec. 3, altered the law entirely, and no doubt advisedly, to meet the difficulty which was felt in the case mentioned. It enacts that when the property shall have been delivered to the plaintiff, and he shall fail to recover by being nonsuited, or a verdict for the defendant, there shall be an enquiry of the value of the property and of the damages by his detention, and judgment on the plaintiff’s bond, to be discharged by the surrender of the property and payment of the damages and costs. Thus a verdict against the plaintiff, and a nonsuit, are put on the same footing. Each is made conclusive, to the extent, at least, of the defendant’s right to a return of the property and to damages for the detention during the pendency of the action in which the plaintiff failed. How far the right of property may be concluded when there is a nonsuit, is not a question in this case. But to the extent mentioned, the enactment is express and positive, and one is at a loss to conjecture why the enquiry was refused here. It has been suggested that it may have been because the nonsuit was on the ground, that the plaintiff failed on the defendants’ plea of
 
 non cepit.
 
 It is not perceived how that could affect the question. Supposing the “ general issue” to mean
 
 non
 
 cepit, and not considering how far the act may affect the forms of pleading in the action when brought on the statute, and, admitting the plea not to have been immaterial, but a proper plea here, still, the ground of the nonsuit does not appear, and it cannot be inferred that it was not upon the inability of the plaintiff to show the property out of the defendants. But, even if it were as suggested, it is still to be remembered that the act makes the nonsuit conclusive, to the extent mentioned, whatever may be the ground on which the plaintiff was nonsuited. Well it may be so, in most cases, at least, since, by a contrary construction, a defendant, who happened to be unable to give bond to perform the final judgment, would be deprived of his property, simply by
 
 *440
 
 the bringing of a groundless action — never prosecuted, and be ■without redress, either in respect to a return, or to the loss of enjoyment. Hence, the law meant that any person, who uses this action, and gets possession under it, should he very sure of being able to maintain it at all events, as a means, and the only means of preventing very great abuses of process by which possession is taken from one person and given to another, without determining the right, in a case in which trover or detinue would have been the proper remedy at common law.
 

 The judgment must, therefore, be reversed and a proce-dendo awarded, requiring the enquiry to be made as asked by the defendants.
 

 Pee Curiam. Judgment reversed.